```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**CHARLES L. JONES,**

               **Petitioner,**

       **v.**                         CASE NO.  12-3055-SAC

**JAMES HEIMGARTNER,**
**et al.,**

               **Respondents.**

### MEMORANDUM AND ORDER

This petition for writ of habeas corpus, 28 U.S.C. § 2254, was filed pro se by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas. Petitioner has also filed a Motion for Leave to Proceed in forma pauperis, which the supporting financial records indicate should be granted.

### PROCEDURAL HISTORY

When Mr. Jones was 16 years old he was "certified to stand trial as an adult on the charge of first-degree murder for (the 1998) shooting death of Robert Trzok. The victim was shot three times in the back of the head, causing his immediate death." State v. Jones, 273 Kan. 756, 47 P.3d 783, 786 (Kan. 2002), cert. denied, 537 U.S. 980 (2002). Jones was convicted by a jury of first-degree murder and sentenced on March 17, 2000, to life in prison with no chance of parole for 25 years. Jones v. State, 120 P.3d 381, 2005 WL 2416069 (Kan.App. 2005). He directly appealed, and the Kansas Supreme Court affirmed his conviction and sentence on May 31, 2002. The United States Supreme Court denied review on October 21, 2002.

Mr. Jones filed a 60-1507 motion in the state district court on July 9, 2004. The motion was dismissed as filed a day or so

late, even though Jones had argued that he had requested approval from prison authorities to mail his motion on June 29, 2004. This dismissal was reversed on appeal. Jones, 120 P.3d 381 at *3. The district court then appointed counsel, held an evidentiary hearing on the merits of the 60-1507 motion, and denied the motion. Mr. Jones appealed to the Kansas Court of Appeals (KCA), which affirmed on March 27, 2009. The Kansas Supreme Court denied a Petition for Review on January 7, 2010.

"Approximately 3 months after" the KCA denied relief in the 60-1507 proceedings, Mr. Jones filed a motion to correct illegal sentence. The trial court denied the motion in a letter decision. See State v. Jones 257 P.3d 268, 270 (Kan. 2011). Jones appealed, and the Kansas Supreme Court affirmed the denial on August 12, 2011. The U.S. Supreme Court denied certiorari on January 17, 2012. Petitioner states that he filed a motion for rehearing with the U.S. Supreme Court on January 31, 2012.

Mr. Jones executed the instant federal petition on February 24, 2012. He presents 17 grounds for relief, and alleges that state remedies have been exhausted on each of his claims.

**STATUTE OF LIMITATIONS**

The procedural history of this case presents the threshold question of the timeliness of the federal petition filed by Mr. Jones. The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

2

The "limitation period shall run from" the "latest of" four dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The statute provides, however, for tolling of the statute of limitations during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ."  28 U.S.C. § 2244(d)(2).

It appears from the foregoing procedural history that without either statutory or equitable tolling this federal petition is time-barred.  Applying the statutory provisions to the facts of this case, petitioner's conviction "became final" for limitations purposes on October 21, 2002, the date on which all possible steps of his direct appeal were complete.  The statute of limitations for filing his federal habeas corpus petition began to run the next day.  It continued to run without interruption until it expired on or about October 22, 2003.

Mr. Jones makes the claim that he filed a § 2254 petition in this court in 2003 together with a motion to stay.  However, this claim is not substantiated.  In support, he exhibits a two-page handwritten § 2254 petition, that is not on forms, which he prepared and dated as executed on March 28, 2003.  In a "Certificate of Service" on this document he stated that it "was handed to the HCF prison correctional officer prepaid first class postage on March 28, 2003, to be deposit (sic) in the prison mailing system . . . for mailing to the Kansas federal district court."  Petitioner also exhibits a "Motion to Stay and Abeyance" in which he stated that he needed "to exhaust 6 claims first in state court on post conviction

3

60-1507 petition," with the same "Certificate of Service" language. In addition, he provides an affidavit from a correctional official attesting only that the process in 2003 was for inmates to give their legal petitions to a prison official for mailing. Petitioner states in his pleading that he has not previously filed any petition in federal court regarding the conviction being challenged. At the same time, he makes the contrary statement that the § 2254 petition he prepared in 2003 is now pending in this court, and that the "foregoing 2254 petition is an Amendment and should relate back to the 2254 petition that was filed on March 28th, 2003."

Petitioner does not provide a federal court case number or a copy of a file-stamped pleading from a pending 2003 federal habeas case. The court has searched its case files and finds no habeas corpus petition filed by anyone named Charles Jones in 2003. Mr. Jones does not present evidence that he paid a filing fee, that he complied with the court rule to submit the petition upon forms, or that he received any type of response or order from this court in a 2003 case. Nor does he show that he inquired about this alleged 2003 petition at any time during the one-year limitation period or any of the subsequent 8 years. Petitioner's allegations and exhibits are simply not sufficient to show that he actually caused a § 2254 petition and motion to stay to be filed in this court in 2003.

Even if such a premature petition prepared by Mr. Jones had reached this federal court and been filed in 2003, its pendency would not have tolled the statute of limitations. <u>Rhines v. Weber</u>, 544 U.S. 269, 574-75 (2005)("'the filing of a petition for habeas corpus in federal court does not toll the statute of limitations.").

4

Only a properly filed state post-conviction action has the tolling effect provided for in § 2244(d)(2). Federal district courts must dismiss petitions that contain unexhausted claims. See <u>Pliler v. Ford</u>, 542 U.S. 225 (2004). A federal petition in which failure to exhaust was admitted would in the normal course have been dismissed without prejudice. And, while the granting of a motion to stay could have saved petitioner from the federal time-bar, a motion to stay was never filed by Mr. Jones or granted in federal court. The exhibited motion for stay would have been denied, since it does not show the requisite grounds for a stay and, at the time of the alleged filing, several months remained in the federal statute of limitations in this case.

    Petitioner also asserts that the untimeliness of his 2012 petition should be excused based upon exceptions for actual innocence and fundamental miscarriage of justice. However, he does not allege sufficient facts to show his entitlement to equitable tolling on either of these grounds. His assertions of actual innocence are based upon legal arguments that he should not have been tried as an adult, rather than new evidence of his factual innocence of the crime. His arguments regarding the merits of his habeas claims are not sufficient to establish his entitlement to the miscarriage of justice exception. Mr. Jones is given the opportunity to show that he is entitled to equitable tolling[1] and

---

[1] "AEDPA's one-year statute of limitations is subject to equitable tolling but only 'in rare and exceptional circumstances.'" <u>Gibson v. Klinger</u>, 232 F.3d 799, 808 (10th Cir. 2000)(citing <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir.1998), <u>cert</u>. <u>denied</u>, 526 U.S. 1074 (1999)). Equitable tolling is allowed when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir.), <u>cert</u>. <u>denied</u>, 525 U.S. 891 (1998); <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000), <u>cert</u>. <u>denied</u>, 531 U.S. 1194 (2001). It would be appropriate, for example, when a prisoner is actually

5

that his petition should not be dismissed as time-barred.  If he fails to allege additional facts to make such a showing within the time allotted this action will be dismissed as time-barred.

**MOTIONS FOR COUNSEL AND AN EVIDENTIARY HEARING**

The court has considered petitioner's Motion for Appointment of Counsel (Doc. 4) and finds that it should be denied.  There is no right to appointment of counsel in federal habeas corpus proceedings unless an evidentiary hearing is required.  Petitioner's motion for an evidentiary hearing (Doc. 3) on the grounds stated in the motion is also denied.  Both motions are denied without prejudice.  The court will reconsider appointment of counsel in the event that it eventually reviews the state record and finds an evidentiary hearing is required.  At this juncture, it appears more likely that this

---

innocent, Miller, 141 F.3d at 978, or "when an adversary's conduct-or other uncontrollable circumstances-prevents a prisoner from timely filing." Gibson, 232 F.3d at 808 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Complaints about unfamiliarity with the legal process and illiteracy have been found to provide no basis for equitable tolling. See Scott v. Johnson, 227 F.3d 260, 263 FN3 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001).  Moreover, ignorance of the law generally and of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated pro se prisoner. Marsh, 223 F.3d at 1220; Miller, 141 F.3d at 978; Gibson, 232 F.3d at 808.  Complaints regarding post-conviction counsel likewise generally do not entitle a petitioner to equitable tolling.  As the Tenth Circuit explained in Hallcy v. Milyard, 387 Fed. Appx. 858 (10th Cir. 2010)(unpublished):

> The Supreme Court has recently affirmed that § 2244(d)'s limitations period is subject to equitable tolling. Holland v. Florida, 78 U.S.L.W. 4555, No. 09-5327, 2010 WL 2346549, at *9 (U.S. June 14, 2010).  But, in doing so, the Court also affirmed that a habeas petitioner seeking equitable tolling must clear a high hurdle. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at *12 (internal quotation marks omitted); accord Yang v. Archuleta, 525 F.3d 925, 929 (10th Cir. 2008)("'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.'" (quoting Wallace v. Kato, 549 U.S. 384, 396 (2007))).

Id.

action will be dismissed as time-barred.

**MOTION TO AMEND**

Petitioner's "Motion Request for Amendment of 2254 Petition" (Doc. 5) is denied.[2] In this motion, petitioner asks the court to allow him to amend "his principal 2254 federal petition that was file (sic) on March 28th 2003 . . . to add the additional grounds that has (sic) been exhausted in state court." As fully explained earlier, this court has no record of having received a federal habeas corpus petition from Mr. Jones in 2003, and he has not substantiated his claim that such a petition was filed and is pending. Petitioner cites no authority for this court to rule that his 2012 petition is an amendment to a petition that was never received and filed in federal court.[3]

---

[2] A habeas petition may be amended "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. The Federal Rules of Civil Procedure provide that the "court should freely give leave (to amend) when justice so requires." Fed.R.Civ.P. 15(a). On the other hand, leave to amend is not appropriate unless the new claims relate back to the original petition under Rule 15(c). See Mayle v. Felix, 545 U.S. 644, 650 (2005). Pursuant to Rule 15(c), an amendment relates back to the original filing if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." Fed.R.Civ.P. 15(c)(1)(B). With respect to amendment of habeas petitions, however, the Supreme Court has determined that "[a]n amended habeas petition . . . does not relate back (and, thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Felix, 545 U.S. 644, 650 (2005). That the grounds for relief are related to the petitioner's trial and conviction is, by itself, insufficient. Id. Rather, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Id. at 659.

[3] Even if Mr. Jones had actually filed a 2003 petition that was dismissed without prejudice for failure to exhaust, his 2012 petition would not relate back to it. In Marsh, 223 F.3d at 1220, the Tenth Circuit found the following reasoning of the Fifth Circuit convincing in refusing to view a petitioner's "third habeas application not as never having been filed, but as stayed pending exhaustion:

> [I]f § 2244(d) were interpreted as Petitioner argues, the result would be impractical. A habeas petitioner could file a non-exhausted application in federal court within the limitations period and suffer a dismissal without prejudice. He could then wait decades to exhaust his state court remedies and could also wait decades after exhausting

7

**MOTION FOR LEAVE TO CONDUCT DISCOVERY**

This motion is not presented as one to compel discovery under the Federal Rules of Civil Procedure and does not include information about attempts already made by petitioner to obtain this information without court order. Of course, Mr. Jones is free to seek access to his own mental health and other records. However, he does not convince the court in his motion that he is entitled to an order from this court requiring the respondent and various other entities, some of which are not even parties to this action, to provide him with mental health records and "facility files" pertaining to his behavior, education, mental health and related information as well as law enforcement records pertaining to the murder victim. He also asks the court to order a lie detector test and a psychological evaluation. In addition, he asks for the court to "order the release" of records of disciplinary complaints against his court-appointed attorney to prove that his attorney was ineffective and that he was prejudiced as a result. Petitioner alleges that he seeks this information to show that he was treatable and amenable for rehabilitation under the juvenile code and to

---

> his state remedies before returning to federal court to 'continue' his federal remedy, without running afoul of the statute of limitations. Construing an application filed after a previous application is dismissed without prejudice as a continuation of the first application for all purposes would eviscerate the AEDPA limitations period and thwart one of AEDPA's principal purposes.

Id. (citing Graham v. Johnson, 168 F.3d 762, 780 (5th Cir. 1999). The Tenth Circuit then proceeded to:

> join with all the circuit courts which have addressed this issue, and hold that a habeas petition filed after a previous petition has been dismissed without prejudice for failure to exhaust state remedies does not relate back to the earlier petition.

Id. (citations omitted).

8

produce evidence that he should have been tried as a juvenile.

A habeas petitioner, unlike a regular civil litigant in federal court, is not entitled to discovery as a matter of course. Bracy v. Gramley, 520 U.S. 899, 904 (1997)(citing Rules Governing § 2254 Cases, Rule 6(a)).  Discovery is available only if the district judge finds "good cause" to order it.  Petitioner fails to provide sufficient facts or authority to show good cause for his discovery requests.  He does not allege sufficient facts indicating that these records would be exculpatory in this federal habeas corpus proceeding or call into question the jury's finding that he murdered the victim.  He does not list the documents he seeks, adequately describe what these records would show, or present a factual basis that would be substantiated by the documents and records.  Nor does he allege facts indicating diligent efforts were made to obtain and present these records during his state trial or post-conviction proceedings or that they were improperly denied.  The court concludes that to the extent Mr. Jones is requesting discovery under Rule 6(a) and (b) of the Rules Governing Section 2254 Cases, his conclusory allegations in his motion fail to establish good cause. See Payne v. McKune, 280 F.Supp.2d 1259, 1270 fn. 8 (D.Kan. 2003), LaFevers v. Gibson, 182 F.3d 705, 722-23 (10th Cir. 1999).  Good cause is not shown where no facts are alleged that would provide a basis for relief.  Id.

Moreover if, as it appears, petitioner has not already obtained this evidence and presented it in state court, he may not rely upon it in this federal habeas corpus proceeding.  As the Tenth Circuit pointed out in Fairchild v. Workman, 579 F.3d 1134, 1155 (10th Cir. 2009):

> AEDPA explicitly provides that federal court review of the reasonableness of the state court's factual findings must be made "in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see Hammon v. Ward, 466 F.3d 919, 928 (10th Cir. 2006)("In reviewing the OCCA's adjudication of Petitioner's ineffective assistance of appellate counsel claim, we consider the record as it existed before the OCCA."). Evidence presented for the first time in federal court is not relevant to whether the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). It is surely not "unreasonable" for the state court to base its decision on the only facts that have been put before it.

The court cited 28 U.S.C. § 2254(e)(2), which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
>
> (A) the claim relies on-
>
> (i) a new rule of constitutional law, made retroactively applicable to cases on collateral review by the Supreme Court, that was previously unavailable, or
>
> (ii) a factual predicate that could not have been discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

Fairchild, 579 F.3d at 1158.  The United States Supreme Court recently also considered "the scope of the record for a § 2254(d)(1) inquiry" and held as follows:

> The State argues that review is limited to the record that was before the state court that adjudicated the claim on the merits. Pinholster contends that evidence presented to the federal habeas court may also be considered. We agree with the State.
>
> * * *
>
> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or

10

> "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time i.e., the record before the state court.
>
> This understanding of the text is compelled by "the broader context of the statute as a whole," which demonstrates Congress' intent to channel prisoners' claims first to the state courts. Robinson v. Shell Oil Co., 519 U.S. 337, 341, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). "The federal habeas scheme leaves primary responsibility with the state courts . . . ." Visciotti, supra, at 27, 123 S.Ct. 357. Section 2254(b) requires that prisoners must ordinarily exhaust state remedies before filing for federal habeas relief. It would be contrary to that purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively de novo.
>
> Limiting § 2254(d)(1) review to the state-court record is consistent with our precedents interpreting that statutory provision. . . .  It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court.

Cullen v. Pinholster, 131 S.Ct. 1388, 1398-99, 179 L.Ed.2d 557 (Apr. 4, 2011). The Court concluded:

> Although state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so. Provisions like §§ 2254(d)(1) and (e)(2) ensure that "[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." (Citations omitted).

Id. at 1401. "[T]he state trial on the merits [should be] the 'main event,' so to speak," and is not a 'tryout on the road' for a later federal habeas hearing. Id. (quoting Wainwright v. Sykes, 433 U.S. 72, 90 (1977).

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted thirty (30) days to show cause why this petition for writ of habeas corpus should not be dismissed as time barred.

11

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted; and his Motion for Evidentiary Hearing (Doc. 3), Motion to Appoint Counsel (Doc. 4), Motion for Amendment of 2254 Petition (Doc. 5), and Motion for Leave to Conduct Discovery (Doc. 6) are denied, without prejudice.

**IT IS SO ORDERED.**

Dated this 20th day of April, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge