```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS


CHARLES L. JONES,
                         Petitioner,

         v.                              CASE NO.  12-3055-SAC

JAMES HEIMGARTNER,
et al.,


                         Respondents.
```

### O R D E R

On April 20, 2012, this court screened this federal habeas corpus petition filed pursuant to 28 U.S.C. § 2254, and ordered petitioner to show cause why this action should not be dismissed as time-barred. Petitioner has filed a Response (Doc. 8) in which he argues that his petition should not be dismissed as untimely because he is entitled under the prisoner mailbox rule to a file date on the instant petition of March 28, 2003, and he is entitled to equitable tolling.[1] He also claims that he is entitled to equitable tolling because he has been diligent in pursuing his claims, circumstances beyond his control prevented his petition from being timely filed, he is actually innocent, and it would be a miscarriage of justice not to consider the

---

[1] The burden is on a petitioner to demonstrate the circumstances that justify equitable tolling.  *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998).

[2] Mr. Jones stated in the instant petition (Doc. 1) at 46 that he filed his first 60-1507 motion on July 9, 2004. Other records indicate it was initially dismissed by the state district court as "filed a day or so late"

1

merits of his claims.

In support of his claim to benefit of the prisoner mailbox rule, petitioner has provided an exhibit of a handwritten "Petition 28 U.S.C. § 2254," which he alleges he placed in the hands of correctional officer James Haydon at the Hutchinson Correctional Facility on March 28, 2003, for mailing to this court. Petition (Doc. 1) Exh. J. This exhibit includes a certification that "the foregoing 2254 petition . . . was handed to the HCF prison correctional official officer, prepaid first class postage on March 28th 2003 to be deposit in the prison mailing system in A cellhouse for mailing to the Kansas federal district court." He has also submitted an affidavit of correctional officer Haydon dated February 22, 2012, generally stating that the policy in A cell house on March 28, 2003, was for Jones and other administrative segregation inmates to hand 2254 legal mail to the correctional officer and that to the best of his knowledge Jones complied with the prison mailing system policy rules. *Id*. Exh. K. He also exhibits a Form 9 "Inmate Request to Staff Member" on which he has written the date of March 28, 2003. In this request, he asked for confirmation that he handed his 2254 legal mail petition prepaid first class postage "to the HCF correctional officer to put in the A Cellhouse mailbox on 3-28-2003." "Yes" has been written after "Disposition," but there is no date or signature on the

disposition.

If Mr. Jones fails to meet his burden of establishing his entitlement to a 2003, rather than a 2012, file date under the prisoner mailbox rule, the instant federal petition was not filed within the one-year statute of limitations. This is because his conviction became "final" on the day the U.S. Supreme Court denied his first petition for writ of certiorari, which was October 21, 2002; and the statute of limitations began to run the next day on October 22, 2002. Mr. Jones did not file a tolling-type motion until 2004.[2] It follows that the federal statute of limitations expired on October 22, 2003, unless he can establish that he is entitled to equitable tolling.

The court requires respondents to file a partial response limited to the threshold question of whether or not this action should be dismissed as time-barred.

The full title of petitioner's Response is "Motion in Response to Show Cause Order and Amended Petition to Add Pate

---

[2] **Mr. Jones stated in the instant petition (Doc. 1) at 46, that he filed his first 60-1507 motion on July 9, 2004. Other records indicate it was initially dismissed by the state district court as "filed a day or so late" and that the dismissal was overturned on appeal. In his response, Mr. Jones now claims that he also handed a 60-1507 petition to prison officials on March 28, 2003, along with his 2254 federal petition. However, no such petition with a proper certification or any other supporting evidence is provided. In contrast with this new assertion, on appeal of his first 60-1507 petitioner argued that his 60-1507 petition had been delivered to prison officials for filing on June 30, 2004, not March 28, 2003; and the Kansas Court of Appeals found that his request for postage was submitted to prison officials on June 29, 2004.** *Jones v. State*, **120 P.3d 381, \*3, 2005 WL 2416069 (Kan.App. Sept. 30, 2005). Thus, the court tentatively finds that Mr. Jones filed his first 60-1507 motion on June 29, 2004, rather than July 9, 2004.**

Claim and Substantive Claim of Competency" (Doc. 8). The court denies the portion of this pleading that purports to be a Motion to Amend Petition for several reasons. First, in order to add claims or significant new facts to his habeas petition, Mr. Jones must file a separate Motion to Amend Petition and attach a complete Amended Petition to that motion. Petitioner is warned that an Amended Petition completely supersedes the original petition. It follows that any content in the original petition that is not included in the Amended Petition is no longer before the court. Second, an Amended Petition must be submitted upon court-provided forms, and petitioner must write the number of this case upon its first page.

Finally, petitioner is reminded and strongly cautioned that he may not raise claims in federal court that have not been fully and properly exhausted in the state courts. The six claims listed in his exhibit of a 2003 petition do not include a claim of incompetency. Nor is it apparent that he raised any claim of incompetency in state court on direct appeal or in his state post-conviction motions. Petitioner may not raise this claim either as a challenge to his conviction or as grounds for equitable tolling unless and until he has fully exhausted it in the state courts. In addition, Mr. Jones' claim of incompetency is not even raised in his current federal petition. If it is eventually raised in an Amended Petition and is not shown to be

4

fully exhausted, the Amended Petition may be dismissed as "mixed." Petitioner is also warned that amendments to federal habeas petitions generally do not "relate back" to an earlier petition unless they involve the same claims or arise from the same facts that were presented in the earlier petition.

In addition to his Response, petitioner has submitted two letters to the court which were liberally construed and docketed as Supplements (Doc. 9 & 10).[3] In each letter, he calls the court's attention to recent opinions of the United States Supreme Court, which he believes support his "incompetency" claim.

Petitioner has also filed a "Motion Concerning the 90 Day Continues" (Doc. 11), which mainly asks the court "to move forward." This motion is denied because the relief requested is not clear and is not supported by sufficient facts or any authority. At this juncture, the court is still attempting to determine whether this matter may proceed further or if it must be dismissed as time-barred.

Petitioner has filed a "Motion for Release on Bond" (Doc. 12). Having considered this motion, the court finds it should be denied. This motion is again based mainly upon petitioner's

---

[3] **Petitioner is advised that it is inappropriate to write directly to the judge in his case. Any motion requesting court action or other pleading must be presented in proper form (see Fed.R.Civ.P. Rule 7), not simply in a letter, and must be sent to the office of the clerk for filing in the case.**

claim that he was "tried and convicted while being incompetent," which as noted is not even raised in the current petition. With respect to his other claims, Mr. Jones stands convicted after a trial, direct appeal, and collateral appeals. He is not entitled to release on bail pending disposition of a federal habeas petition based simply upon arguments as to the merits of his habeas claims. As previously discussed, the court has not yet determined that these claims are properly before it at this time. Nor do petitioner's allegations of fact in this motion amount to extraordinary circumstances.

Petitioner includes another "Request for Hearing" in his Response (Doc. 8). As the court already informed Mr. Jones, it will decide if a hearing is needed based upon the record presented. This motion is denied without prejudice at this time. Mr. Jones is advised that he does not advance the progress of this matter by filing unnecessary or repetitive motions.

**IT IS THEREFORE BY THE COURT ORDERED** that:

1. Respondents are hereby required to submit within thirty (30) days of this Order a Preliminary Response to the Petition (Doc. 1) and Petitioner's Response (Doc. 8) filed herein, and that such response shall be limited to the question of whether or not this petition should be dismissed as time-barred.

2. The response should present:

        (a)   any arguments and evidence such as exhibits or affidavits regarding petitioner's claim that he is entitled to a March 28, 2003 file date of this petition under the prisoner mailbox rule, including but not limited to information as to the system for mailing legal documents at Hutchinson Correctional Facility, logs of legal mail, withdrawal of funds for postage, and relevant administrative requests and dispositions by petitioner at the relevant times and to his claim that he is entitled to equitable tolling.

3.   The petitioner is granted twenty (20) days after receipt by him of a copy of the respondents' Preliminary Response to file a Reply thereto.

4.   The clerk of this court then return this file to the undersigned judge for such other and further proceedings as may be appropriate; and that the clerk of this court transmit copies of this order to petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS FURTHER ORDERED** that petitioner's Request for Hearing (Doc. 8), Motion to amend petition to add claims and factual allegations (Doc. 8), Motion to Move Case Forward (Doc. 11), and Motion for Release on Bond (Doc. 12) are denied, without prejudice.

The clerk is directed to send petitioner 2254 forms.

**IT IS SO ORDERED.**

Dated this 25th day of September, 2012, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**

8