## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHARLES L. JONES,

      Petitioner,

      v.                                                  Case No. 12-3055-SAC-DJW

JAMES HEIMGARTNER, et al.,

      Respondents.

### MEMORANDUM AND ORDER

This case is before the Court on remand from the Tenth Circuit. *See Jones v. Heingartner*, 602 Fed. App'x. 705, 708 (10th Cir. 2015). The Tenth Circuit remanded the case for an evidentiary hearing as to whether Petitioner may invoke the mailbox rule under Federal Rule of Civil Procedure 4(c). On November 17, 2015, the Court held oral arguments regarding the narrow, threshold issue of whether Petitioner has met the burden of proof required before he may invoke the prison mailbox rule. As explained below, the Court finds Petitioner has met the burden of proof. Accordingly, the Court will hold an evidentiary hearing regarding the mailbox rule and the timeliness of Petitioner's § 2254 petition allegedly filed in 2003.

### I.     Procedural Background

In its order remanding the case, the Tenth Circuit outlined the general procedural background of this case:

> Mr. Jones was convicted of first-degree murder on February 1, 2000 and was sentenced to life in prison without the possibility of parole for 25 years. Despite being 16 years old at the time the murder, Mr. Jones was tried as an adult. Mr. Jones' conviction was affirmed on direct appeal. *State v. Jones*, 47 P.3d 783 (Kan. 2002). On October 21, 2002, his petition for a writ of certiorari was denied. *Jones v. Kansas*, 537 U.S. 980 (2002).

Mr. Jones subsequently initiated post-conviction relief proceedings in Kansas state court.  On July 9, 2004, Mr. Jones filed what appeared to be his first motion for post-conviction relief pursuant to Kan. Stat. Ann. § 60-1507.  The state district court denied it as untimely, but the Kansas Court of Appeals remanded for further proceedings. *Jones v. State*, 120 P.3d 381 (Kan. Ct. App. 2005) (table case).  On remand, the state district court denied Mr. Jones' petition on the merits and that denial was affirmed. *Jones v. State*, 203 P.3d 739 (Kan. Ct. App. 2009) (table case).

Additionally, in June 2009, Mr. Jones filed a motion to correct illegal sentence pursuant to Kan. Stat. Ann. § 22-3504. That motion was summarily denied by the state district court because the issues raised in the motion were previously raised and decided. The Kansas Supreme Court affirmed.  *State v. Jones*, 257 P.3d 268 (Kan. 2011), *cert. denied* 132 S. Ct. 1097 (2012).

Finally, on February 24, 2012, Mr. Jones filed this federal habeas petition.  The district court, finding reason to believe Mr. Jones' petition was untimely, entered an order requiring Mr. Jones to show cause why his petition should not be dismissed. []  The court ordered the state to file a response addressing the timeliness issue.  After receiving briefing on the issue from both parties, the district court dismissed the petition as time-barred. *Jones v. Heimgartner*, No.12–3055–SAC, 2014 WL 4132155 (D. Kan. Aug. 19, 2014).

*Jones*, 602 Fed. App'x at 706–07.  The Tenth Circuit found Petitioner's evidence created "fact questions which must be resolved by the district court" but "express[ed] no opinion on the merits of the procedural issue, or the underlying claims."  *Id.* at 708.

## II.    Factual Background

Petitioner's conviction became final on October 21, 2002.  Under § 28 U.S.C. 2244(d)(1), Petitioner had until October 22, 2003 to timely file his § 2254 Petition.  Petitioner contends that "on March 28, 2003—a date within the limitations period of § 28 U.S.C. 2244(d)(1)—he handed the following pre-stamped documents to a correctional officer: a § 2254 petition, a motion to stay federal proceedings, and a Kan. Stat. Ann. § 60-1507 petition for post-conviction relief." *Jones*, 602 Fed. App'x. at 707.  But, for reasons unknown, the Clerk's office never received those

documents—the §2254 Petition ("2003 Petition") or the motion to stay; thus, no case was ever opened for Petitioner.  Petitioner and the Court had no contact for almost nine years.  Then, on February 24, 2012, Petitioner filed a new §2254 Petition with the alleged 2003 Petition attached ("2012 Petition").  This time the Clerk's office received Petitioner's documents and immediately opened the instant case.

Petitioner contends this is sufficient to invoke the prison mailbox rule.  In support, he submits the following exhibits: (1) a signed affidavit from Mr. Jones stating that, on March 28, 2003, he handed over for mailing via the prison mailing system a § 2254 petition and motion to stay with prepaid first-class postage;[1] (2) a Form 9 official prison document purporting to establish that a corrections officer verified Mr. Jones had submitted for mailing his "2254 legal mail"; (3) a signed affidavit by the corrections officer stating that it was the facility policy for Mr. Jones to hand the corrections officer his § 2254 petition for mailing, rather than mailing it himself; and (4) copies of the handwritten § 2254 petition and motion to stay that were purportedly handed to the corrections officer on March 28, 2003.  *Id.*  That evidence is what the Tenth Circuit found warranted an evidentiary hearing.

## II.     Legal Standard

Relief from state imposed custody may be pursued in federal court pursuant to 28 U.S.C. § 2254.  Generally, a petition filed under § 2254 must be filed within one year of the date that the state court conviction becomes final.  28 U.S.C. § 2244(d).  The law recognizes that a prisoner proceeding *pro se* files his petition with the federal court upon delivery to the prison authorities to forward to the court clerk for filing.  *Houston v. Lack*, 487 U.S. 266, 270 (1988) ("In other words, in such a case the jailer is in effect the clerk of the District Court. . . ").

---

[1] He also states he hand-delivered his state motion for post-conviction relief on the same day, presumably at the same time.

The Petitioner must initially show that he is entitled to invoke the prison mailbox rule, as set out in Rule 4(c). *Id.* Fed. R. Civ. P. 4(c) requires the prisoner use the prison's legal mailing system, if one exists, in order to avail himself of the mailbox rule.[2] A prison's legal mailing system will usually have a system of documenting such delivery, such as a mail log. If the institution does not have a legal mail system, this burden may be fulfilled by a declaration under penalty of perjury that the pleadings were submitted to the prison to mail on a certain date and that sufficient postage was prepaid. *See* 28 U.S.C. § 1746.

If Petitioner satisfies his burden, the burden shifts to Respondents to prove that the statute of limitations has run and the mailbox rule does not apply. Timeliness is an affirmative defense, meaning the movant has the burden of proving the alleged filing was time-barred. *See United States v. McNeill*, 523 Fed. Appx. 979 (4th Cir. 2013) (unpublished) ("McNeill satisfied his initial burden of proof establishing an exception to the statute of limitations by submitting a declaration under § 1746, rendering him eligible for the prison mailbox rule. The state now bears the burden of proof to establish that the statute of limitations has run and that the prison mailbox rule does not apply.") (internal citations omitted); *Ray v. Clements,* 700 F.3d 993, 1006 (7th Cir. 2012).

## III.    Discussion

Respondents concede that the bar to meet the burden of proof in prison mailbox rule cases is "not particularly difficult," typically requiring the petitioner "submit a declaration under penalty of perjury in compliance with 28 U.S.C. § 1746 setting forth the date in which he handed the petition to prison officials for mailing." (ECF 41 at 3) Respondents assert the same arguments they did on appeal: (1) this case is distinguishable because the original petition never

---

[2] Fed. R. Civ. P. 4 was amended to reflect the holding in *Houston*.

reached the Court, and (2) the Seventh Circuit's corroborating evidence standard in *Ray* should apply.  The Tenth Circuit rejected both arguments.  As to the first, the Circuit cited numerous cases involving courts never receiving prisoners' petitions. *See Jones*, 602 Fed. App'x at 708 (citing *McNeill*, 523 Fed. App'x at 979; *Ray*, 700 F.3d at 993; *Stoot v. Cain*, 570 F.3d 669 (5th Cir. 2009); *Allen v. Culliver*, 471 F.3d 1196 (11th Cir. 2006) (per curiam); *Huizar v. Carey*, 273 F.3d 1220 (9th Cir. 2001).  As to the second, the Circuit concluded Petitioner's documents—his signed affidavit and a purported copies of his handwritten § 2254 petition and motion to stay—may satisfy *Ray*'s "other corroborating evidence" standard.  *Id.*

Given the holding of the Tenth Circuit's remand order, the evidentiary record as of today, and the fact that Respondents concede it is not particularly difficult for Petitioner to satisfy his burden of proof, this Court finds that Petitioner has met his burden of proof.  Accordingly, Petitioner is entitled to an evidentiary hearing as to the prisoner mailbox rule and the timeliness of his alleged 2003 Petition.

Having found an evidentiary hearing necessary, the Court identifies the following as the pertinent issues:

1.  Between the date that Petitioner's conviction became final and the date the statute of limitations expired, what action taken by Petitioner either tolled the statute of limitations or entitles him to equitable tolling?

2.  Between the date that Petitioner allegedly handed the prison officials his documents and the date Petitioner's Kan. Stat. Ann. § 60-1507 Petition was entered by the state court, what action taken by Petitioner either tolled the statute of limitations or entitles him to equitable tolling?

3.  What state petition does Petitioner claim he gave the prison officials in 2003 and was it the same as his 2004 petition?  Does the fact that Petitioner alleges he gave his *state* petition to the prison officials in 2003 alter the prison mailbox rule's application?

The Court realizes there will be overlap between these issues, and the burden of proof lies with Respondents.

**IT IS THEREFORE ORDERED BY THE COURT** that a status conference will be held on February 3, 2016 at 11 a.m. by Meet Me dial-in telephone conference call to set a date for the evidentiary hearing.  Counsel and any pro se parties should call 913-735-2269 for the conference.  Please do not call more than five minutes prior to the scheduled time.

**IT IS SO ORDERED.**

<u>s/ David J. Waxse</u>
David J. Waxse
U.S. Magistrate Judge