**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CHARLES L. JONES,**

      **Petitioner,**

      v.

**JAMES HEIMGARTNER, ET AL.,**

      **Respondents.**

Case No. 12-3055-JAR

**MEMORANDUM AND ORDER**

Before the Court is Petitioner's Motion for Evidentiary Hearing (Doc. 84) on Claims 2, 6, and 7 of his Petition for Writ of Habeas Corpus. Respondents argue the motion is premature and should be denied without prejudice because Petitioner has yet to fully brief the merits of these claims and thus, Respondents have not filed an Answer to these claims. Petitioner replies that "complete 'merits' briefing can only occur once an evidentiary hearing is held and facts are presented on the record."[1] He also states that "he has already established the vital importance of an evidentiary hearing," but "believes it would be useful if the Court received additional briefing on the claims presented as provided in Rule 5 of the Rules Governing Section 2254 Cases."[2]

Rule 8(a) of the Rules Governing Section 2254 Cases states in pertinent part: "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."[3] The Advisory Committee Notes state that "[the determination of whether

---

[1] Doc. 88 at 4.

[2] Doc. 88 at 5.

[3] Rules Governing § 2254 Cases, Rule 8(a).

1

an evidentiary hearing is required] is to be made upon a review of the answer, the transcript and record of state courts proceedings, and if there is one, the expanded record."[4]

When deciding whether to grant an evidentiary hearing, "a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief."[5] "Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate."[6] If the record refutes the petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.[7] If a habeas petitioner has failed to develop the factual basis for his claim in state court, the district court is precluded from granting an evidentiary hearing unless the petitioner establishes that the claim relies on a new, retroactive rule of constitutional law or a factual predicate that could not have been discovered except by due diligence.[8] Full briefing on the merits of the claims is thus essential.

Here, full merits briefing on Claims 2, 6, and 7 has not been filed. Additionally, although Petitioner has compiled an appendix (Doc. 58) of the state record, it does not contain the trial transcript, which is indispensable in determining whether an evidentiary hearing is required on the ineffective- assistance-of-trial-counsel claim.[9] The Court anticipates that Respondents will attach parts of the trial transcript to support their Answer. Under these circumstances, the Court

---

[4] *Id.*, Advisory Committee Notes, 1976 Adoption.

[5] *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

[6] *Id.*

[7] *Id.*

[8] 28 U.S.C. § 2254(e)(2); *Littlejohn v. Trammell*, 704 F.3d 817, 857 (10th Cir. 2013).

[9] *Townsend v. Sain*, 372 U.S. 293, 319 (1963) ("Ordinarily [the complete state-court] record—including the transcript of testimony (or if unavailable some adequate substitute, such as a narrative record), the pleadings, court opinions, and other pertinent documents—is indispensable to determining whether the habeas applicant received a full and fair state-court evidentiary hearing resulting in reliable findings.").

agrees with Respondents that Petitioner's motion should be denied without prejudice as premature.[10]

To move this case along, the Court directs Petitioner to file a full merits brief on Claims 2, 6, and 7, which should include his arguments why an evidentiary hearing is required, by March 7, 2018. Respondents shall answer no later than March 21, 2018; and Petitioner may reply no later than April 11, 2018.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Evidentiary Hearing (Doc. 84) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that Petitioner shall file his merits brief on Claims 2, 6, and 7 no later than March 7, 2018, Respondents shall answer no later than March 21, 2018; and Petitioner may reply no later than April 11, 2018.

**IT IS SO ORDERED**.

Dated: <u>February 12, 2018</u>

                            S/ Julie A. Robinson
                            JULIE A. ROBINSON
                            CHIEF UNITED STATES DISTRICT JUDGE

---

[10] *Wise v. Berghuis*, No. 13-CV-10360, 2013 WL 595539, at *1 (E.D. Mich. Feb. 15, 2013) (denying motion for evidentiary hearing without prejudice after stating "a federal district court must refer to the entire record in order to determine whether it is appropriate to grant an evidentiary hearing in a habeas corpus case.").