# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CHARLES L. JONES,

    Petitioner,

v.

    Case No. 12-3055-JAR

REX PRYOR, et al.,

    Respondents.

## MEMORANDUM AND ORDER

Before the Court is Petitioner Charles Jones' Motion for Leave to Amend (Doc. 141), seeking to add a due process claim to his 28 U.S.C. § 2254 Petition. The motion is fully briefed, and the Court has reviewed Petitioner's supplemental filing.[1] As set forth more fully below, the Court grants Petitioner's motion for leave to amend.

**I. Background**

This case has a long and protracted procedural history that the Court will not recite here in detail. The Court has already disposed of several legal claims raised in the Petition.[2] Still pending are three original claims, including an ineffective assistance of trial counsel claim that had been set for an evidentiary hearing on January 16, 2020. The hearing was continued indefinitely pending resolution of the instant motion.

On November 22, 2019, Petitioner filed his motion for leave to amend to add a new, unexhausted claim to his Petition alleging a due process violation under *Brady v. Maryland*.[3] This claim is based on newly-discovered evidence that an eyewitness at Petitioner's trial for

---

[1] Doc. 147.
[2] Doc. 73.
[3] 373 U.S. 83 (1963).

premeditated first degree murder, Elaine Green, had been threatened, manipulated, and controlled by Roger Golubski, one of the lead detectives on Petitioner's case. Green is now deceased, but a relative contacted defense counsel and provided information about the improper relationship between Green and Golubski that lasted for several years, including during the time of Petitioner's trial. Petitioner also bases his *Brady* claim on new information that the prosecution did not disclose to him that his co-defendant's uncle, Ezekiel Payne, was an informant for the Kansas City, Kansas Police Department ("KCKPD") at the time of trial.

According to Petitioner's motion and attached proposed pleading, his counsel was first contacted by one of Green's relatives on November 24, 2018, who offered previously unknown information about Green's relationship with Golubski. Counsel proceeded to investigate, including interviewing witnesses familiar with Golubski's practice of using women who worked in prostitution as informants. His practice was to exploit and manipulate these "informants" in exchange for information favorable to his investigations. Counsel also spoke to members of Green's family. According to these family members, Golubski extorted sex from Green and threatened to rape her if she did not cooperate with his demands for information. He provided a cell phone to her and directed her to answer whenever he called. He provided drugs to Green, knowing she was an addict. Green identified Petitioner at trial as one of two men who assailed the victim, Robert Trzok, and testified that Petitioner was the primary assailant. Furthermore, she testified that she was not threatened or promised anything by the police in return for her testimony.

Petitioner only recently learned that Payne was an informant for the KCKPD at the time of trial. Counsel explains in a supplemental filing that this information was first discovered on July 28, 2019, when she interviewed a former captain with the KCKPD regarding another matter.

She learned for the first time that Payne was a powerful drug dealer, and a valued informant who regularly interacted with police. From there, counsel investigated further and confirmed a close relationship between Payne, drug activity, the KCKPD, and Golubski. The State never revealed this information to Petitioner at the time of trial. The co-defendant, Payne's nephew, received a generous plea deal and identified Petitioner as the shooter at trial.

**II.    Standard**

Under 18 U.S.C. § 2242, a petition for habeas relief "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Under Fed. R. Civ. P. 15(a), leave to amend a complaint is freely given when justice so requires. Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[4] Courts may deny leave to amend, however, based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[5] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason."[6]

**III.    Discussion**

Respondents first argue that Petitioner "fails to establish an evidentiary basis to support his new claim."[7] But the Court need not consider the evidentiary basis for amendment under

---

[4]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[5]*Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[6]*Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001) (citing *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'rs Servs., Inc.*, 175 F.3d 848, 858–59 (10th Cir. 1999)).

[7]Doc. 144 at 3.

Rule 15. The proposed amendment is only futile if it would be subject to dismissal,[8] an analysis that requires the Court to assume as true the facts alleged in the proposed pleading.[9] Therefore, Petitioner's failure to submit evidence is not a permissible basis to deny leave to amend.

Next, Respondents argue that Petitioner fails to demonstrate that his proposed amendment is timely. Although the general limitations period for habeas petitions is one year, that year runs from the latest of four dates, including "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[10] Respondents argue that because "this new claim has not been factually developed, there is no way for Respondents or this Court" to determine when the factual predicate for the claim could have been discovered with due diligence.[11] But in the context of a *Brady* claim, "the limitation period does not begin to run until post-conviction counsel receives *Brady* evidence."[12] This is because the State's obligation to produce *Brady* material "continues throughout the judicial process."[13] "[D]ue diligence did not require [Petitioner] to divine all possible sources of suppressed evidence; he was entitled to rely on the state's representation that 'all [exculpatory] evidence in any way relevant to the case and known to the State was included in police reports long ago made available' to him."[14]

Petitioner asserts in the motion and proposed pleading that he first learned of the initial facts concerning Green's relationship with Golubski on November 24, 2018, when Green's

---

[8] *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013).

[9] *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[10] 28 U.S.C § 2244(d)(1)(D).

[11] Doc. 144 at 4.

[12] *Carter v. Bigelow*, 787 F.3d 1269, 1282 (10th Cir. 2015) (citing *Douglas v. Workman*, 560 F.3d 1156, 1181 (10th Cir. 2009)).

[13] *Id.* (quoting *Douglas*, 560 F.3d at 1173).

[14] *Id.* (quoting *Utah v. Carter*, 888 P.2d 629, 636–37 (Utah 1995)).

4

relative contacted his counsel. Counsel spent several months following up and confirming facts discovered through this relative. The Court finds that Petitioner has provided a sufficient factual predicate that the motion for leave was filed within one year of learning the underlying information about Green's relationship with Golubski on November 24, 2018. The Court further finds that Petitioner has provided a sufficient factual predicate that counsel learned the new information about Payne no earlier than July 28, 2019. The motion for leave to amend was filed well within one year of this discovery. Thus, the Court finds that the limitations period began to run no sooner than November 24, 2018. Because the motion for leave to amend was filed within one year of this date, on November 22, 2019, it is timely.

## IV. Exhaustion

Petitioner's proposed new *Brady* claim is unexhausted. Under the total exhaustion rule, the court is required to dismiss the petition without prejudice to allow the petitioner to return to state court and present the unexhausted claim.[15] Alternatively, under *Rhines v. Weber*, district courts are permitted to stay and hold the case in abeyance while the petitioner exhausts the unexhausted claim.[16] The Court can stay and hold the petition in abeyance under *Rhines* if the Petitioner demonstrates: (1) good cause for the failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.[17]

In the motion for leave to amend, Petitioner asks that the Court first allow him leave to amend, after which he plans to file a motion to stay and hold the case in abeyance so that he may exhaust the *Brady* claim in the state courts under *Rhines*. As discussed at the last telephonic

---

[15] *Rose v. Lundy*, 455 U.S. 509, 522 (1982).
[16] 544 U.S. 269 (2005).
[17] *Id.* at 278.

5

status conference, the parties are directed to file their anticipated joint motion for stay and abeyance by February 21, 2020, addressing the *Rhines* factors.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Charles Jones' Motion for Leave to Amend (Doc. 141) is **granted**. Petitioner shall file his amended petition forthwith. The parties' joint motion for stay and abeyance is due by February 21, 2020.

**IT IS SO ORDERED.**

Dated: January 30, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE