IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHARLES L. JONES ) | |
|     Petitioner, ) | |
| v. ) | Case No. 12-CV-03055-JAR |
| ) | |
| REX PRYOR, et al., ) | |
|     Respondents. ) | |

## PETITIONER'S FIFTH STATUS REPORT

Petitioner Charles Jones, by and through his counsel, submits the following as his fifth periodic report on the status of his related state court proceedings.

1. When the Court issued its stay and abeyance order, it ordered counsel to update the Court every four months. In compliance with that, Mr. Jones files this report.

2. Since filing its response on November 24, 2020, the Wyandotte County Conviction Integrity Unit ("CIU") has experienced extreme turbulence and presently is believed to have no employees. The CIU is the unit in the District Attorney's ("DA") office that has handled the DA's responsibilities on this case. Assistant District Attorney James Floyd, who filed the State's response, was terminated after audio recordings were released of him and a CIU investigator disparaging "Black people as well as those who are gay, disabled, Chinese, transgender, and unemployed."[1] The two went on to disparage people who make

---

[1] Kansas City Star Editorial Board, *Racist, hateful recordings show the Wyandotte County DA's 'integrity' unit had none,* The Kansas City Star, (May 30, 2021), https://www.kansascity.com/opinion/editorials/article251759568.html.

claims of wrongful conviction. Both employees were fired, resulting in a complete turnover of staff for the CIU. An investigation regarding the decisions made by the CIU staff and the impact of their views on their work for the CIU is ongoing.

3. To the best of Petitioner's knowledge, those two employees have not yet been replaced, and the CIU presently lacks sufficient staff.

4. In the meantime, Mr. Jones' counsel has uncovered substantial additional information that supports Jones' claims and which raises serious questions concerning the integrity of the entire police investigation in this case, particularly with regard to the very prominent role played by former detective Roger Golubski, who is reportedly under investigation by a federal grand jury. (See attached Exhibit A).

5. New information obtained by counsel indicates that every aspect of Mr. Jones's case has likely been tainted by the corrupt and improper acts of Roger Golubski, who never disclosed material and highly exculpatory facts concerning his own close and troubling connections to:

   a. Jones' co-defendant Lakevis Tensley, whose direct and primary involvement in the crime was covered up by Golubski;

   b. Tensley's late uncle Ezekiel Payne, a well-known figure in the drug community who ran several drug houses, which also offered prostitution and gambling and who had a known association with Golubski;

    c. Tensley's cousin Nakisha Freeman, who was the on-and-off girlfriend of Jones at the same time that she was purportedly providing sexual services to Golubski;

    d. Elaine Green, a drug-addicted witness whom Golubski conscripted as his informant and whom he forced to provide sex, information and testimony; and

    e. Victim Brian Trzok, who was connected on-and-off with Payne's drug operation and was well known to Golubski, who was immersed in the illegal drug world during his tenure as a Kansas City, Kansas police detective.

6. None of these material exculpatory and impeaching facts were disclosed to petitioner Charles Jones, who, at the time he was charged, was a homeless juvenile and lacked experience with the court system. Although Jones was present at the scene of the crime, he did not do the shooting and had no connection with the motive that actually prompted the violence – the fact that Trzok was behind on paying his drug debts.

7. The facts of this case are deeply troubling and reflect how the police and justice system in Wyandotte County deprived Mr. Jones of any opportunity to have a fair trial, consistent with the demands of the United States and Kansas Constitutions.

8. Counsel is presently continuing her investigation, and is cognizant of the fact that factual development of the case must proceed under the standards of *Cullen*

*v. Pinholster*, 563 U.S. (2011). Mr. Jones' case as well as parallel investigations in other cases in Wyandotte County have revealed extensive historic and ongoing corruption in Wyandotte County law enforcement.[2] Such corruption greatly undermines any opportunity for Mr. Jones to receive a full and fair hearing in state court. Given the totality of the circumstances, counsel is working on a petition to return to federal court based on 28 U.S.C. § 2254(b)'s allowance for a claim to be considered 'exhausted' when a petitioner can prove that exhaustion of state court remedies would be "futile." 28 U.S.C. § 2254(b).

9. Counsel and Wyandotte County District Attorney Mark Dupree have had discussions regarding the procedural requisites of K.S.A. 60-1507, the factual investigation in this case, and the DA's position on returning this case to federal court.

10. Mr. Jones will continue to keep this Court updated by submitting any additional pleadings filed in the K.S.A. 60-1507 case.

---

[2] Elaine Green, a key witness, was not reliable. Evidence indicates that she was very involved (not by choice) with Detective Roger Golubski, who controlled her with threats and the drugs to which she was addicted. Green understood that she had to respond to Golubski's demands for sexual acts and testify as requested. Golubski was also intertwined with the family of Mr. Jones' co-defendant, Lakevis Tensley, whose uncle ran a substantial number of drug houses where drugs were sold and prostitution occurred. At the time, Mr. Jones believed that Payne's niece, Nakisha Freeman, was his girlfriend. However, investigation has revealed that she was compelled to regularly provide Golubski with sexual services and may still be under Golubski's influence. Golubski was deposed in the *McIntyre* case now pending in this court and invoked his Fifth Amendment right to remain silent more than 500 times when questioned about corruption, prostitution, and involvement with drugs. *McIntyre v. Unified Gov't of Wyandotte Cty.*, No. 2:18-cv-02545 (D. Kan. filed Oct. 11, 2018).

   Terra Morehead prosecuted the case against Mr. Jones. She also prosecuted Lamonte McIntyre. Substantial questions have been raised about her tactics. *See* Katie Moore, *Prosecutor Terra Moorehead commits misconduct again in Kansas City, Kansas, judge says*, The Kansas City Star, (May 21, 2021), https://www.kansascity.com/news/local/crime/article251558968.html.

   These reasons, and many others (to be addressed in a subsequent filing), weigh strongly in favor of litigating this case in federal court.

Respectfully submitted,

/s/ Cheryl A. Pilate
Cheryl A. Pilate, KS # 14601
MORGAN PILATE LLC
926 Cherry Street
Kansas City, Missouri 64106
Phone: 816-471-6694
Fax: 816-472-3516
Email: cpilate@morganpilate.com
*Attorney for Petitioner*

## CERTIFICATE OF SERVICE

I, Cheryl A. Pilate, certify that a true and accurate copy of the foregoing document was served on the Clerk of the Court and on all counsel of record via the CM/ECF system on October 29, 2021.

/s/ Cheryl A. Pilate