IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHARLES L. JONES** ) | |
| Petitioner, ) | |
| v. ) | Case No. 12-CV-03055-JAR |
| ) | |
| **REX PRYOR, et al.,** ) | |
| Respondents. ) | |

**PETITIONER'S SEVENTH STATUS REPORT**

Petitioner Charles Jones, by and through his counsel, submits the following as his seventh periodic report on the status of his related state court proceedings.

1. When the Court issued its stay and abeyance order, it ordered counsel to update the Court every four months. In compliance with that, Mr. Jones files this report.

2. This report notes three issues as to case status: (1) the need to amend the pending petition in Wyandotte County District Court to comply with the demands of the Supreme Court's new decision in *Shinn v. Martinez Ramirez*, 142 S. Ct. 1718 (May 23, 2022); (2) expanding the factual basis for Petitioner's claim under *Brady v. Maryland,* 373 U.S. 83 (1963), in light of newly discovered facts; and (3) allotting adequate time for an evidentiary hearing, which now, under *Shinn*, should encompass the factual record for all claims, not just the *Brady* claim.

3. The Supreme Court's decision last month in *Shinn* has substantially expanded petitioner's anticipated hearing and the necessity for further briefing in state

court, as it is apparent that the facts that support each claim, including claims brought under *Martinez v. Ryan*, 566 U.S. 1 (2012), should first be fully presented in state court. Obviously, the Court's decision in *Shinn* substantially extends the scope of petitioner's litigation in Wyandotte County.

4. At the same time, Petitioner's counsel has uncovered substantial additional evidence supporting Petitioner's *Brady* claim, which was returned to state court for the purpose of exhaustion. The new evidence establishes the lack of integrity in the police investigation and indicates that lead detective Roger Golubski had an illicit business relationship with the uncle of Mr. Jones' co-defendant, Lakevis Tensley, and that a drug debt owed to their illicit enterprise was the likely motive for the shooting of Robert Trzok.

5. New evidence uncovered by counsel indicates that every aspect of Mr. Jones's case has been tainted by the egregious misconduct and illicit acts of Detective Golubski, who never disclosed a host of material, exculpatory facts, including that:

    a. Key eyewitness Elaine Green, who identified Mr. Jones as being present at the scene, had been exploited for years by Golubski in a sexually coercive relationship in which she also served as his regular informant and was, in turn, supplied illegal drugs by him;

    b. Jones' co-defendant Lakevis Tensley has admitted carrying the gun that was used to shoot the victim, Robert Trzok;

    c. Tensley's late uncle Ezekiel Payne, a well-known figure who ran several drug and gambling houses, had a business relationship with Golubski, sharing drug profits with him and paying him for protection;

    d. Tensley's cousin (and Payne's niece) Nakisha Freeman, whom Jones valued as a close friend and who is also an important witness, was sexually exploited by Golubski starting in her teen years;

    e. The victim, Robert Trzok, did business with Ezekiel Payne's drug operation and allegedly owed money to Payne, which was the motive for the shooting of Trzok.

6. None of these material exculpatory and impeaching facts were disclosed to petitioner Charles Jones, who, at the time he was charged, was a homeless teen and lacked experience with the court system. Although Jones was present at the scene of the crime, he did not do the shooting and had no connection with the motive that actually prompted the assault – the fact that Trzok was behind on paying his drug debts. Jones had no plan to rob or harm Trzok.

7. The facts concerning the police investigation are deeply troubling and reflect how the police and justice system in Wyandotte County deprived Mr. Jones of any opportunity to have a fair trial, consistent with the demands of the United States and Kansas Constitutions.

8. Counsel has studied the Supreme Court's recent decision in *Shinn* and believes that it will likely require development of a full factual record in state court, including not only the facts supporting the *Brady* claim, but also the facts

supporting Jones' claims of ineffective assistance of counsel at trial and at his juvenile hearing.

9. This case awaits further briefing in light of *Shinn* and will require two to three days for an evidentiary hearing in Wyandotte County District Court.

10. Mr. Jones will continue to keep this Court updated by submitting any additional pleadings filed in the K.S.A. 60-1507 case.

Respectfully submitted,

/s/ Cheryl A. Pilate
Cheryl A. Pilate, KS # 14601
MORGAN PILATE LLC
926 Cherry Street
Kansas City, Missouri 64106
Phone: 816-471-6694
Fax: 816-472-3516
cpilate@morganpilate.com
*Attorney for Petitioner*

## CERTIFICATE OF SERVICE

I, Cheryl A. Pilate, certify that a true and accurate copy of the foregoing document was served on the Clerk of the Court and on all counsel of record via the CM/ECF system on June 30, 2022.

/s/ Cheryl A. Pilate