IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHARLES L. JONES ) | |
|     Petitioner, ) | |
| v. ) | Case No. 12-CV-03055-JAR |
| ) | |
| REX PRYOR, et al., ) | |
|     Respondents. ) | |

### PETITIONER'S EIGHTH STATUS REPORT

Petitioner Charles Jones, by and through his counsel, submits the following as his eighth periodic report on the status of his related state court proceedings.

1. When the Court issued its stay and abeyance order, it ordered counsel to update the Court every four months. In compliance with that, Mr. Jones files this report.

2. Since Petitioner filed his last status report, substantial developments have occurred, including the criminal charging of former Detective Roger Golubski in the District of Kansas. Golubski is charged with six counts of violating the civil rights of two victims by committing aggravated sexual abuse, attempting to commit aggravated sexual abuse, kidnaping, and attempting to commit kidnaping. *United States v. Golubski*, No. 22-cr-40055 (D. Kan.) A separate pleading, requesting Golubski's detention, provides summaries of Golubski's alleged crimes against seven other female victims who were assaulted, raped, kidnaped and threatened with bodily harm.

3. The types of criminal acts alleged against Golubski in the federal criminal case are highly similar to the types of assaults and threats perpetrated against the deceased Elaine Green. Golubski regularly assaulted Ms. Green and kept her in a near-constant state of fear. During the time period that these acts occurred, Ms. Green served as a central witness against Petitioner Jones. The accounts of Ms. Green's associates indicate that Golubski used Green as one of his main "informants" while also regularly subjecting her to sexual assaults, threats and abuse. She was one of the numerous women whom Golubski terrorized and exploited in this manner.

4. Petitioner plans to supplement the *Brady* claim now pending in state court with additional allegations based on new information regarding Golubski's abuse of Ms. Green. Jones also plans to supplement with newly discovered information regarding Golubski's relationship with prominent (and now deceased) drug dealer Ezekiel Payne and his family, including co-defendant LaKevis Tensley, and other Payne family members who had connections with Golubski through the drug trade or were exploited by him.

5. This new evidence establishes the total lack of integrity in the police investigation and indicates that the facts presented at Jones' trial cannot be relied upon. Jones never had any motive to harm victim Robert Trzok; rather the drug debt owed by Trzok to the Payne family was the likely motive for the shooting.

6. Counsel for Petitioner is presently focused on the following:

> (1) amending the pending petition in Wyandotte County District Court to comply with the requirements of the Supreme Court's recent decision in *Shinn v. Martinez Ramirez*, 142 S. Ct. 1718 (May 23, 2022) and adding the claims and factual allegations now pending in federal court so that they are first presented in state court;
>
> (2) supplementing the factual basis for Petitioner's claim under *Brady v. Maryland,* 373 U.S. 83 (1963) to add newly discovered – and substantial -- facts concerning Golubski's relationship with Elaine Green and several members of the Payne family; and
>
> (3) seeking an evidentiary hearing of several days, which is necessary to present extensive facts which, under *Shinn*, must be exhausted in state court.

7. The Supreme Court's decision in *Shinn* has made clear that the facts supporting every claim, including the claims brought under *Martinez v. Ryan*, 566 U.S. 1 (2012), must be fully presented in state court.

8. The present mountain of evidence shows that every aspect of Mr. Jones's state court trial was tainted by the illicit and illegal acts of Roger Golubski, who never disclosed his relationships with witnesses, nor his illicit connections or exploitation of them.  None of these facts were ever disclosed to Petitioner Charles Jones, who, at the time of his arrest, was a homeless teen.

9. Mr. Jones will continue to keep this Court updated by submitting any additional pleadings filed in the K.S.A. 60-1507 case and by continuing to provide additional status reports.

Respectfully submitted,

/s/ Cheryl A. Pilate
Cheryl A. Pilate, KS # 14601
MORGAN PILATE LLC
926 Cherry Street
Kansas City, Missouri 64106
Phone: 816-471-6694
Fax: 816-472-3516
cpilate@morganpilate.com
*Attorney for Petitioner*

## CERTIFICATE OF SERVICE

I, Cheryl A. Pilate, certify that a true and accurate copy of the foregoing document was served on the Clerk of the Court and on all counsel of record via the CM/ECF system on October 31, 2022.

/s/ Cheryl A. Pilate