IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHARLES L. JONES** )<br>    Petitioner, )<br>v. )<br>  )<br>**REX PRYOR, et al.,** )<br>    Respondents. ) | Case No. 12-CV-03055-JAR |

## PETITIONER'S RESPONSE TO RESPONDENT'S MOTION TO PROHBIIT ARGUMENT FROM PETITIONER'S STATUS REPORTS

Relying on no authorities and scant reasoning, Respondent requests that Petitioner limit his status reports to this Court "to merely reporting the status of the litigation" and not including "any argument or assertions of fact not grounded on record evidence."

Respondent's motion is without merit and should be summarily denied for the reasons stated below:

1. Petitioner Charles Jones has a pending petition in the Wyandotte County District Court based on violations of *Brady v. Maryland*, 373 U.S. 83 (1963). The petition alleges that numerous, material facts would, if proved, undermine all confidence in the verdict.

2. Since the filing of Mr. Jones' Wyandotte County petition, which has been submitted to this Court as part of a status report (Doc. 153), Petitioner's counsel has continued vigorously investigating the case. As a result, the factual basis for Petitioner's *Brady* claim has grown substantially, and Petitioner has therefore reported those developments to this Court.

3. The filings by Petitioner do not require any answer by Respondent; they are merely intended to apprise the Court of the status of the investigation and comply with the Court's direction to provide a report to the Court every four months. The factual assertions are not formal allegations and are not deemed admitted in the absence of a response by the Respondent.

4. The investigation in this case has continued for some time, which is partly a reflection of the challenges of conducting a sensitive investigation into police misconduct and doing so at the same time the FBI is conducting an investigation into similar allegations. The day after Respondent filed his motion, the United States Attorney's Office in the District of Kansas filed a second Indictment against former Detective Roger Golubski, alleging that Golubski and three others engaged in a wide-ranging conspiracy to violate federally protected rights, including kidnaping minor females, holding them in involuntary servitude and sexually abusing them. *United States v. Golubski et al*, No. 22-CR-40086 (Nov. 10, 2022). The first indictment against Golubski, filed two months earlier, alleged that Golubski had deprived two victims of their civil rights, by engaging in kidnaping and aggravated sexual abuse. *United States v. Golubski*, No. 22-CR-40055 (Sept. 14, 2022)

5. The broad allegations that Petitioner has included in his periodic reports to this Court have caused no prejudice to Respondent. Based on the Supreme Court's decision in *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022), Petitioner is required to exhaust all of his facts – pertaining to every claim, not just the *Brady* claim –

in state court.  Therefore, Petitioner's reports on the status of his investigation are merely informational and require no response from Respondent.

WHEREFORE, for all of the reasons stated above, Petitioner requests that this Court deny Respondent's motion.

Respectfully submitted,

/s/ Cheryl A. Pilate
Cheryl A. Pilate, KS # 14601
MORGAN PILATE LLC
926 Cherry Street
Kansas City, Missouri 64106
Phone: 816-471-6694
Fax: 816-472-3516
cpilate@morganpilate.com
*Attorney for Petitioner*

## CERTIFICATE OF SERVICE

I, Cheryl A. Pilate, certify that a true and accurate copy of the foregoing document was served on the Clerk of the Court and on all counsel of record via the CM/ECF system on November 23, 2022.

/s/ Cheryl A. Pilate