IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHARLES L. JONES </br>     Petitioner, </br> v. </br> </br> REX PRYOR, et al., </br>     Respondents. | ) </br> ) </br> )    Case No. 12-CV-03055-JAR </br> ) </br> ) </br> ) |

## PETITIONER'S NINTH STATUS REPORT

Petitioner Charles Jones, by and through his counsel, submits the following as his ninth periodic report on the status of his related state court proceedings.

1. When the Court issued its stay and abeyance order, it ordered counsel to update the Court every four months. In compliance with that, Mr. Jones files this report.

2. KCKPD Detective Roger Golubski, who led the investigation against Charles Jones and obtained the accounts of the key witnesses, is now charged in two federal criminal cases. The first indictment, filed on September 14, 2022, charged six counts of violating the civil rights of two victims. It alleged that Golubski had engaged in kidnaping, aggravated kidnaping, sexual assault and aggravated sexual assault. One of the two victims was a minor at the time of the alleged acts. A second case, filed on November 10, 2022, alleged that Golubski, along with three others, conspired to run a sex trafficking operation by kidnaping minor girls, forcing them into involuntary servitude and sexually abusing them.

3. The types of criminal acts alleged against Golubski in both federal criminal cases are highly similar to the types of assaults and threats allegedly perpetrated against the deceased Elaine Green, who was the key eyewitness against Petitioner Jones. Golubski used Green as a so-called "informant." According to witnesses who were related to Ms. Green or were otherwise closely associated with her, Golubski sexually assaulted Green and kept her in a near-constant state of fear. Green was one of the numerous women whom Golubski allegedly terrorized and exploited in this manner while using her as an informant or witness.

4. Petitioner will present in a state court hearing his *Brady* claim, with much of the evidence focusing on Golubski's exploitation and abuse of female witnesses, including Ms. Green, as well as his close relationships with drug dealers. Golubski was allegedly closely associated with the prominent (and now deceased) drug trafficker Ezekiel Payne. Payne was the uncle of Jones' co-defendant, Lakevis Tensley. Payne and his family members were known to have close associations with certain police officers, most prominently Roger Golubski. Golubski also is alleged to have sexually exploited women in the Payne family.

5. This new evidence establishes a lack of integrity in the police investigation and the use of investigation to cover up and further criminal acts related to the drug trade. Much of the evidence presented at Jones' trial is false and cannot be relied upon. Co-defendant Tensley, not Jones, shot the victim. Jones had no

   intent or motive to harm Robert Trzok. Rather, the Payne family had the motive to harm Trzok because he owed a drug debt.

6. Counsel for Petitioner is presently focused on preparing for a hearing in Wyandotte County District Court to comply with the requirements of the Supreme Court's recent decision in *Shinn v. Martinez Ramirez*, 142 S. Ct. 1718 (May 23, 2022), which requires amending the pleading and preparing to present all claims in state court, as required by *Shinn*.

7. The Supreme Court's decision in *Shinn* has also made clear that the facts supporting every claim, including the claims brought under *Martinez v. Ryan*, 566 U.S. 1 (2012), must be fully presented in state court.

8. Substantial evidence, including numerous witness accounts, shows that every aspect of Mr. Jones's state court trial was tainted by the alleged illegal acts of Roger Golubski, who never disclosed his relationships with witnesses, nor his illicit connections or exploitation of them. None of these facts were ever disclosed to Petitioner Charles Jones, who, at the time of his arrest, was a homeless teen.

9. Mr. Jones will continue to keep this Court updated by submitting any additional pleadings filed in the K.S.A. 60-1507 case and by continuing to provide additional status reports.

Respectfully submitted,

/s/ Cheryl A. Pilate
Cheryl A. Pilate, KS # 14601
MORGAN PILATE LLC
926 Cherry Street
Kansas City, Missouri 64106
Phone: 816-471-6694
Fax: 816-472-3516
cpilate@morganpilate.com
*Attorney for Petitioner*

**CERTIFICATE OF SERVICE**

I, Cheryl A. Pilate, certify that a true and accurate copy of the foregoing document was served on the Clerk of the Court and on all counsel of record via the CM/ECF system on February 28, 2023.

/s/ Cheryl A. Pilate